IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS WELLS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: 1:13-CV-02421-WBH |
| GENUINE PARTS COMPANY | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT GENUINE PARTS COMPANY'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH PREJUDICE**

COMES NOW Defendant, Genuine Parts Company (hereinafter "Defendant"), in the above-styled action, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully submits this Memorandum in Support of Motion to Dismiss Plaintiff's Complaint, With Prejudice. In support, Defendant states as follows:

**I.   INTRODUCTION AND BACKGROUND FACTS**

In his Complaint, Plaintiff claims that he worked for Defendant in a "network support analyst" position until February 2013, when his employment

1

ended.  (Doc. #1, ¶ 2).  On July 19, 2013, Plaintiff filed his Complaint in this action.  (Doc. #1).  On November 11, 2013, Plaintiff served Defendant with the Complaint.

In the Complaint, Plaintiff avers against Defendant a single count: violation of the FLSA.  (Doc. #1, p. 6.)  Plaintiff alleges that he "brings this action both individually, and as a collective action…on behalf of GPC's current and former employees who work or worked for GPC as a network security analyst (or performing the same or similar duties of a network security analyst regardless of job title) during the relevant period and thereafter (collectively, the "Similar Situated Employees)."  Id. at 4.  Plaintiff further alleges that "GPC suffered or permitted Plaintiff and the Similarly Situated Employees to work over forty hours in a work week on one or more occasions during the relevant period, but did not pay Plaintiff and the Similarly Situated Employees at time and a half their applicable regular rates…" Id. at ¶ 15.

In his Complaint, Plaintiff does not detail the amount and extent of any work he and/or the alleged Similarly Situated Employees allegedly performed for which they were not properly compensated.  See Doc. #1, generally.  Plaintiff also does not detail within his Complaint the duties or the nature of any alleged work which he claims he and/or the alleged similarly Situated Employees performed which he

2

contends are now at issue.  Id.

Defendant moves this Court to dismiss Plaintiff's Complaint in its entirety because Plaintiff fails to sufficiently allege or factually substantiate the elements of his claim.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Standard of Review for a Motion to Dismiss.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  If a complaint fails "to state a claim upon which relief can be granted," it is subject to dismissal under Rule 12(b)(6).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court revised the applicable pleading standard under Rules 8(a)(2) and 12(b)(6).  The Court rejected its prior statement in Conley v. Gibson, 335 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See generally Twombly, 550 U.S. at 561-63.  Instead, the Court undertook the following two-pronged approach in analyzing the complaint before it pursuant to a Rule 12(b)(6) motion to dismiss:  (1) determine whether there are "well-plead factual allegations" in the complaint; and (2) if there

are, determine "whether they plausibly give rise to an entitlement of relief." See Achcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct agreed." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to the relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id.

Plaintiff's Complaint, like those in Twombly and Iqbal, fails to "nudge" certain of Plaintiff's claims "across the line from conceivable to plausible." Id. Accordingly, this Court should grant Defendant's Motion, and dismiss, with prejudice, Plaintiff's Complaint in its entirety.

**B.     Plaintiff neither Sufficiently Alleges nor Factually Substantiates the Elements of a Claim for Inadequate Compensation Under the FLSA.**

The Eleventh Circuit has instructed that a plaintiff "must show 'as a matter of just and reasonable inference' the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA.'" Rance v. Rocksolid Granit USA, Inc., No. 08-10193, 292 Fed.App'x 1, at *2, 2008 WL 2751291 at **1 (11th Cir., July 16, 2008) (emphasis added) (citing Caro-Galvan v. Curtis Richardson, 993 F.2d 1500, 1513 (11th Cir. 1993) (citing Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 475 n.12 (11th Cir. 1982)); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)). In Rance, the Eleventh Circuit held that a plaintiff failed to state a claim under the FLSA where the complaint and attached documentation provided no evidence of the amount and extent of the plaintiff's work alleged to be at issue. Id. Consequently, the Eleventh Circuit affirmed the district court's dismissal of the case with prejudice.

Id. at *3 and **2.

This is precisely what Plaintiff has also failed to do in the instant case. Indeed, a review of the face of the Complaint in the instant case reveals that there is no evidence of the <u>amount and extent</u> of the work allegedly to have been performed by Plaintiff and/or the alleged Similarly Situated Employees. There is also no description of the duties allegedly performed by them. Instead, the Complaint is limited to averments that Plaintiff worked as a "network support analyst" during his employment with Defendant, that he and the alleged Similarly Situated Employees were non-exempt employees and that "on one or more occasions during the relevant period" Plaintiff and the alleged Similarly Situated Employees were suffered or permitted to work over forty hours in a work week and were not paid overtime compensation. [Doc. 1-1, ¶ 15.] In accordance with the aforementioned directives of <u>Twombly</u> and <u>Iqbal</u> and for the reasons articulated by the Eleventh Circuit in <u>Rance</u>, Plaintiff's Complaint lacks the minimal allegations necessary to state a claim for unpaid overtime under the FLSA.

Notably, earlier this year, this Court was presented with similarly vague and conclusory allegations in support of an FLSA collective action in <u>Dyer v. Lara's Trucks, Inc.</u>, 2013 WL 609307 at *1-4. In that case, the plaintiff/employee alleged in her complaint a violation of the FLSA on behalf of herself and other employees

who were "similarly situated in terms of job duties, pay, and compensation." Id. at *1.  In the complaint, the plaintiff claimed that she and those similarly situated to her were non-exempt employees under the FLSA and were "regularly compelled" to work more than 40 hours per week by the defendants/employers but were not paid overtime compensation.  Id.  The plaintiff stated in her complaint that she held various positions with defendants, but she failed to provide the job title and description of the duties of the positions at issue.  Id.  The defendants moved to dismiss the collective action elements of an FLSA claim pursuant to Rule 12(b)(6). Id. at *1.  This Court granted the defendants' motion to dismiss on the grounds that it was unable to dissern from the complaint which employees plaintiff sought to include within the putative class.  Id. at *4-5.  In so doing, this Court determined that with respect to the plaintiff's aforementioned description of the putative class:

> This is a legal conclusion. '[A] pleading that offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not due.'" *Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555.  The collective action portion of the Complaint presents 'naked assertion[s]' devoice of 'further factual enhancement.' *Twombly*, 550 U.S. at 557.  'Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.'  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing no only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.

Id. at *4.

In Dyer, this Court referenced two other sister district courts within the Eleventh Circuit which had similarly dismissed FLSA collective action claims based on "bare factual allegations of the putative class." Id. at *5 (citing St. Croix v. Genentech, Inc., No. 8:12-CV-891, 2012 U.S. Dist. LEXIS 86742, 2012 WL 2376668 (M.D. Fla. June 22, 2012) and Pickering v. Lorillard Tobacco Co., No. 2:10-CV-633, 2011 U.S. Dist. LEXIS 3647, 2011 WL 111730 (M.D.Ala., Jan. 13, 2011). This Court noted that in St. Croix, the plaintiff alleged that she held an identified sales position and that the putative class members were 'numerous individuals who were similarly situated' within the same company; and, in Pickering, the plaintiff alleged that he was employed as a sales representative and provided no description of the job duties or titles of the proposed similarly situated employees. Id. at *5. Plaintiff's averment of the putative class is similarly vague in the instant case.

As such, this Circuit has aligned itself with sister courts outside of this Circuit which have also dismissed FLSA complaints that were similar to the complaint in the instant case for failure to allege sufficient facts to survive a motion to dismiss. See e.g., DeSilva v. North Shore-Long Island Jewish Health System, Inc., 770 F.Supp.2d 497, 509 (E.D. NY 2011) ("it is not enough 'to 'merely

allege[]' that Plaintiffs worked 'beyond forty hours per week….[i]nstead, plaintiffs must provide at least some approximation of the overtime hours that defendants required them to work and a timeframe for when those hours were worked.") (citing Wolman v. Catholic Health Sys. Of Long Island, Inc., No. 10-cv-1326, 2010 WL 5491182 (E.D.N.Y., Dec. 30, 2010) (dismissal of the FLSA claims was subsequently affirmed in Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 114-15 (2nd Cir. 2013) ((quoting Zhong v. August August Corp., 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007)) (also referencing Nakahata v. New York-Presbyterian Healthcare Sys., Inc., Nos. 10-cv-2661, 10-cv-2662, 10-cv-2683, 10-cv-3247, 2011 WL 321186 (S.D.N.Y., Jan. 28, 2011) (dismissal of the FLSA overtime claim was subsequently affirmed in Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2nd Cir. 2013) ("[t]o plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week")) and Sampson v. Medisys Health Network Inc., No. 10-cv-1342, 2011 WL 579155 (E.D.N.Y., Feb. 8, 2011) in support of dismissal of an FLSA claim for failure to state a claim where there is no factual allegations about when the alleged unpaid wages were earned or the number of hours allegedly worked without compensation)).

As the foregoing authorities demonstrate, Plaintiff's bare allegations of having

worked more than forty hours in a work week on one or more occasions during an alleged "relevant period" cannot rise to meet the applicable pleading standard. Indeed, as demonstrated, to survive a motion to dismiss, the "factual allegations contained in the complaint must raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This "does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. Thus, "to state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id.

As referenced above, Plaintiff does nothing more than state that he and the alleged Similarly Situated Employees worked over forty hours in a work week on one or more occasions during the relevant period and were not paid overtime compensation in support of his claim that any overtime compensation is owed. See Twombly, 550 U.S. at 555 (the court is "not bound to accept as true a legal conclusion couched a factual allegation.")  Plaintiff's allegation amounts to nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" that does not satisfy federal pleadings standards. Id.  The Complaint does not establish that Plaintiff's claim against Defendant is conceivable, let alone plausible.   Id.

(stating that a complaint should be dismissed where the plaintiff does not "nudge [his] claims across the line from conceivable to plausible.")

For the reasons stated herein, Plaintiff's Complaint against Defendant should be dismissed, with prejudice.

### III.   CONCLUSION

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." See Iqbal, 129 S. Ct. at 1950.  But, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." See Twombly, 550 U.S. at 558 (quoting 5 Wright & Miller, § 1216, at 233-234).  "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management." See id. at 559. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." See Iqbal, 129 S. Ct. at 1950.

For all the reasons discussed above, this Court should grant Defendant's Motion, and enter an Order dismissing Plaintiff's Complaint, in its entirety, with prejudice.

Respectfully submitted this 2nd day of December, 2013.

        **MARTENSON, HASBROUCK & SIMON LLP**

        */s/Lisa M. Szafranic*
        Patricia E. Simon, Esq.
        Georgia Bar No. 618233
        Lisa M. Szafranic, Esq.
        Georgia Bar No. 532495
        3379 Peachtree Road, N.E.
        Suite 400
        Atlanta, Georgia 30326
        (404) 909-8100
        (404) 909-8120 (facsimile)
        E-mails: pesimon@martensonlaw.com
            lmszafranic@martensonlaw.com

        **Attorneys for Defendant**

## CERTIFICATION OF FONT SIZE

Pursuant to Local Rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Lisa M. Szafranic, Esq., of Martenson, Hasbrouck & Simon LLP, attorney for Defendant Genuine Parts Company, hereby certify that **DEFENDANT GENUINE PARTS COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH PREJUDICE** was typewritten in MS Word using Times New Roman font, fourteen (14) point type.

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/Lisa M. Szafranic*
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Lisa M. Szafranic, Esq.
Georgia Bar No. 532495
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)
E-mails:   pesimon@martensonlaw.com
           lmszafranic@martensonlaw.com

**Attorneys for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS WELLS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: 1:13-CV-02421-WBH |
| GENUINE PARTS COMPANY | ) ) ) | |
| Defendant. | ) | |

**CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document entitled **DEFENDANT GENUINE PARTS COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH PREJUDICE** was filed electronically. Notice of this filing will be sent to the opposing party by operation of the Court's electronic filing system and served upon the opposing party herein by depositing a copy of same in the United States mail, sufficient first class postage prepaid and affixed thereto and addressed as follows:

C. Andrew Head
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30319

This 2nd day of December, 2013.

        **MARTENSON, HASBROUCK & SIMON LLP**

        */s/Lisa M. Szafranic*
        Lisa M. Szafranic, Esq.