IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS WELLS,
    Plaintiff,

v.

GENUINE PARTS COMPANY,
    Defendant.

:
:
:   CIVIL ACTION NO.
:   1:13-CV-2421-WBH
:
:
:

## ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss the complaint for Plaintiff's failure to state a claim. [Doc. 5]. In his complaint, Plaintiff alleges that he worked for Defendant and that, on occasion, he worked in excess of forty hours without receiving overtime pay in violation of the Fair Labor Standards Act (FLSA). He seeks to proceed on his own behalf and on behalf of those similarly situated.

In its motion, Defendant asserts that the complaint is insufficient under Achcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). There is some disagreement regarding what it takes to state an FLSA overtime claim. The Second Circuit has held that a plaintiff who "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation," had failed to state a FLSA overtime claim. Dejesus v. HF Management Services, LLC, 726 F.3d 85, 89 (2d Cir. 2013) ("Whatever

AO 72A
(Rev.8/8
2)

the precise level of specificity that was required of the complaint, [the plaintiff] at least was required to do more than repeat the language of the statute."); see also Pruell v. Caritas Christi, 678 F.3d 10 (1st Cir. 2012) (requiring FLSA plaintiffs to plead examples or estimates as to amounts of underpaid time or to describe nature of work performed during those times). Other courts are more lenient. In Butler v. DirectSat USA, LLC, 800 F. Supp.2d 662 (D. Md 2011), the court merely required that the plaintiff allege that he worked in excess of 40 hours, that he was not compensated for those hours, and that the employer had knowledge of the lack of overtime compensation for the overtime work. See also Rodriguez v. F & B Solutions LLC, --- F. Supp. 2d ---, 2014 WL 2069649 at *2 (E.D. Va. 2014) (adopting the standard from Butler). As is evident from the parties' briefs, it appears that the Eleventh Circuit has not issued a published opinion that discusses the requirements of stating an FLSA overtime claim.

Having considered the matter, it seems the more lenient approach is preferred. This Court points out that, despite any changes that Iqbal and Twombly might have engendered, the pleading standard under Rule 8 of the Federal Rules of Civil Procedure remains quite liberal. Generally, all that is required is a short plain statement sufficient to put the defendant on notice of the claims against it. In this case, where Plaintiff worked for Defendant and Defendant would have records of

AO 72A
(Rev.8/8
2)

Plaintiff's employment history, the allegations of the complaint are sufficient to state a plausible claim that Defendant violated Plaintiff's FLSA rights.

Accordingly,

**IT IS HEREBY ORDERED**, that Defendant's motion to dismiss, [Doc. 5], is **DENIED**.

**IT IS SO ORDERED**, this 28th day of May, 2014.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)